**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**


ROGER SMITH,

     Plaintiff,

v.                                                          Case No.   3:15-cv-1355-J-32MCR

FLORIDA COMMISSION ON
OFFENDER REVIEW,

     Defendant.

_____

## O R D E R

### I. Status

     Plaintiff, an inmate of the Florida penal system, is proceeding in this action on a pro se Civil Rights Complaint (Doc. 1) (Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff names the Florida Commission on Offender Review (FCOR) as the defendant. In the Complaint, Plaintiff asserts FCOR improperly applied guidelines that became effective August 1, 1983, after his convictions and sentences, to determine his parole release date in violation of his due process rights under the Fourteenth Amendment and the ex post facto clause of the United States Constitution. Plaintiff seeks declaratory and injunctive relief.

     Before the Court is the FCOR's Motion to Dismiss (Doc. 18) (FCOR Motion) with exhibits (Def. Ex.). Plaintiff filed his response to the FCOR Motion. <u>See</u> Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 23) (Response) with exhibits (Resp. Ex.).

## II. Background

On December 30, 1981, Plaintiff entered a negotiated plea of guilty to burglary of a dwelling with a dangerous weapon and sexual battery with use of a deadly weapon in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida. Complaint at 3; Def. Ex. A at 2, 5. On January 29, 1982, the state court sentenced Plaintiff to two consecutive terms of life imprisonment, Def. Ex. A., making Plaintiff eligible for parole under the "Objective Parole Guidelines Act of 1978, or (OPGA)." Complaint at 1.

Under the OPGA, FCOR must set a Presumptive Parole Release Date (PPRD) for an inmate and thereafter, if FCOR finds it is warranted, FCOR sets the inmate's Effective Parole Release Date (EPRD). On August 1, 1983, new guidelines (1983 Guidelines) were implemented that affected the establishment of an inmate's EPRD, including the establishment of extraordinary review procedures.

On March 30, 2005, FCOR set Plaintiff's PPRD for August 9, 2007, and scheduled for May 25, 2007, an "effective" interview with Plaintiff to establish his EPRD. Id., Def. Ex. I. Plaintiff alleges that at this interview he presented "satisfactory conduct and a Parole Release Plan." Complaint at 5. Nevertheless, on June 20, 2007, FCOR declined to establish an EPRD for Plaintiff, and instead scheduled an extraordinary review for August 8, 2007. Id. at 6, Def. Ex. J, Resp. Ex. D. After the extraordinary review, at FCOR's meeting on August 15, 2007, FCOR suspended Plaintiff's PPRD, declined to establish Plaintiff's EPRD, and scheduled an extraordinary interview with Plaintiff for March 2012. Id., Def. Ex. K, Resp. Ex. E. FCOR conducted the extraordinary interview on March 27, 2012. Id. at 7; see Def. Ex. L, Resp. Ex. F. Then, on April 25, 2012, FCOR continued Plaintiff's PPRD suspension, again declined to establish Plaintiff's EPRD, and scheduled a subsequent

extraordinary interview with Plaintiff for January 2019. Id. Plaintiff complains that it was improper for FCOR to follow the 1983 Guidelines when it suspended his PPRD, declined to set his EPRD, and followed the extraordinary review procedures.

### III. Decision

FCOR argues that Plaintiff's Complaint is untimely.[1] Specifically, FCOR asserts that the statute of limitations bars any of Plaintiff's claims based on actions taken on or before November 5, 2011, four years before Plaintiff filed his Complaint.[2]

"A statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quoting Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993)). Thus, at the motion-to-dismiss stage, a "dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." La Grasta, 358 F.3d at 845.

Section 1983 claims "are governed by the forum state's residual personal injury statute of limitations." Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999). In Florida, the applicable limitations period is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985."); Burton, 178 F.3d at 1188 (same); Fla. Stat. § 95.11(3)(p). "Generally, 'the statute of limitations does not begin

---

[1] Defendant also argues that it is entitled to Eleventh Amendment Immunity and Plaintiff fails to state a claim. However, the Court will not address these arguments because Defendant's timeliness argument properly resolves the FCOR Motion.

[2] Defendant inadvertently states that Plaintiff filed his Complaint in November 2013. FCOR Motion at 6. Plaintiff, however, filed his Complaint on or about November 5, 2015. This discrepancy does not alter the Court's ruling on the FCOR Motion.

to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (quoting Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996)).

From the face of Plaintiff's Complaint (and the documents attached to the FCOR Motion and Plaintiff's Response), the Court finds that it is untimely. By August 15, 2007, Plaintiff knew or should have known that FCOR was following the 1983 Guidelines to suspend his PPRD, withhold his EPRD, and schedule an extraordinary interview. Yet, Plaintiff waited until 2015, more than seven years after FCOR's actions, to file the Complaint. Therefore, to the extent Plaintiff attempts to assert any claims related to FCOR's actions up through August 15, 2007, related to the 1983 Guidelines, they are untimely.

Moreover, Plaintiff's claims related to FCOR's actions in 2012 are also untimely. On August 15, 2007, FCOR suspended Plaintiff's PPRD, withheld his EPRD, and scheduled an extraordinary interview for March 2012. FCOR conducted the extraordinary interview on March 27, 2012. Thereafter, on April 25, 2012, FCOR decided to continue the suspension of Plaintiff's PPRD, continue to withhold the establishment of an EPRD, and schedule a subsequent extraordinary interview for January 2019. FCOR's actions in 2012 were a continuation of its actions from 2007 with continued reliance on the 1983 Guidelines. "Our precedents draw a clear analytical distinction between continuing violations and the continuing effects of a completed violation; the former extends the limitations period while the other does not". McGinley v. Mauriello, 682 F. App'x 868, 872 (11th Cir. 2017); see also Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d 1259,

1261–62 (11th Cir. 2003) ("Each time Brown's parole reconsideration hearing is set, it does not amount to a distinct and separate injury. Rather, Brown's injury, to the extent it ever existed, was when the Georgia Parole Board applied its new policy, eliminating the requirement of parole review every three years for Brown, retroactively. It is the decision in 1995 that forms a potential basis for Brown's claim. It was also at this point that Brown could have discovered the factual predicate of his claim. The successive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations." (citations omitted)). In 2012, Plaintiff simply experienced the continuing effects of an alleged completed constitutional violation that first occurred in 2007. Thus, his Complaint is barred by the statute of limitations. Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  The Florida Commission on Offender Review's Motion to Dismiss (Doc. 18) is **GRANTED**.

2.  Plaintiff's Motion to Substitute Parties (Doc. 24) is **MOOT**.

3.  This case is **DISMISSED with prejudice**.

4.  The Clerk of Court shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida the 14th day of September, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

sflc

c:      Roger Smith, #081849
        Counsel of Record